IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CASEY SMITH**<br>415 North Jameson Ave<br>Lima, Ohio 45805 | * | Case No. |
| | * | Judge |
| Plaintiff,<br>v. | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| | * | |
| **CHIPOTLE MEXICAN GRILLE, INC.**<br>3292 Elida Rd, Suite 100<br>Lima, Ohio 45805 | * | Francis J. Landry   (0006072)<br>Katherine A. Pawlak Macek (0086885)<br>**WASSERMAN, BRYAN, LANDRY** |
| | * | **& HONOLD LLP**<br>1090 W. South Boundary St |
| | * | Suite 500<br>Perrysburg, Ohio 43551 |
| Defendant. | * | Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719 |
| | * | Flandry308@aol.com<br>kmacek@wblhlaw.com<br>Attorney for Plaintiff<br>Casey Smith |

\*   \*   \*   \*   \*   \*   \*   \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Section 12101, et seq. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on the basis of disability, charge number 22A-2021-02119C which is attached hereto and incorporated by reference as if fully restated herein, as

1

Exhibit A. Plaintiff states on June 2, 2022, the District Director of the EEOC issued Plaintiff a notice of right to sue advising him of his right to file suit in an appropriate Federal Court within 90 days of his receipt of said notice. See Exhibit B. This Court's supplemental jurisdiction is also invoked over state law claims of racial and disability discrimination and retaliation. On January 13, 2022 the Toledo Regional Director issued Plaintiff a notice of right to sue advising him of his right to file suit. See Exhibit C.

## PARTIES

2. Plaintiff, Casey Smith, is a citizen of the United States, and a resident of the City of Lima, County of Allen, State of Ohio. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Americans with Disabilities Act and the ADAAA, and Chapter 4112 of the Ohio Revised Code, in that Defendant is an employer who employed more than twenty-five (25) employees at all times material hereto.

3. Plaintiff states that the Defendant is a corporation, duly licensed to do business in the state of Ohio, with a place of business in the County of Allen, State of Ohio. At all relevant times, Defendant was an employer within the meaning of the Americans with Disabilities Act and the ADAAA and Chapter 4112 of the Ohio Revised Code as it at all times material hereto employed more than twenty-five (25) employees.

## GENERAL ALLEGATIONS

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of the Americans with Disabilities Act, and Chapter 4112 of the Ohio Revised Code.

5. Plaintiff is a person with a disability. Plaintiff is bipolar and suffers from depression.

6. Plaintiff's disabling conditions significantly impacts his daily life activities of thinking, concentrating, interacting with others, and working.

7. Defendant was aware of Plaintiff's disabling conditions.

8. Plaintiff was hired by Defendant in January of 2020 in the position of "crew member" and was advised that he was on the fast track to management.

9. In late June of 2020, Plaintiff's disabling conditions required him to be hospitalized for three days.

10. When Plaintiff returned to work from his hospitalization he was not permitted to enter the building, was falsely accused of harassing employees, and was terminated on June 27, 2020.

11. Plaintiff was qualified for his position, and was performing his position to Defendant's reasonable expectations.

## FIRST CLAIM FOR RELIEF
### Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.

12. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13. Plaintiff was informed that he was terminated for harassing employees. Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as he never harassed any employees. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

14. Plaintiff states that at all times material hereto he suffered from a disabling condition of bipolar disorder and depression. These impairments significantly affected a series of major life activities, including but not limited to thinking, concentrating, and interacting with others. Defendant was aware of Plaintiff's disabling conditions.

15. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was well qualified for his position, as he was a highly rated and skilled employee.

16. Plaintiff states his disabling condition is a disability within the meaning of the Americans with Disabilities Act. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

17. Plaintiff states that non-disabled employees were more favorably treated as they were not unjustly terminated. Furthermore, upon information and belief, Plaintiff's position was filled after his termination.

18. Plaintiff states that in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of 42 USC Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

19. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Disability Discrimination- Ohio Revised Code Section 4112.02

20. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully restated herein.

21. Plaintiff was informed that he was terminated for harassing employees. Plaintiff contends that the reasons advanced by Defendant for his termination were false and pretextual, as he never harassed any employees. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations.

22. Plaintiff states that at all times material hereto he suffered from a disabling condition of bipolar disorder and depression. These impairments significantly affected a series of major life activities, including but not limited to thinking, concentrating, and interacting with others. Defendant was aware of Plaintiff's disabling conditions.

23. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was well qualified for his position, as he was a highly rated and skilled employee.

24. Plaintiff states his disabling condition is a disability within the meaning of the Ohio Revised Code. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

25. Plaintiff states that non-disabled employees were more favorably treated as they were not unjustly terminated. Furthermore, upon information and belief, Plaintiff's position was filled after his termination.

26. Plaintiff states that in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of Ohio Revised Code Section 4112.02.

27. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a judgment against Defendant ordering reinstatement and back wages, or in lieu of reinstatement, back and front pay, for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks his costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

        /s/ Francis J. Landry
        Francis J. Landry, Attorney for
        Plaintiff, Casey Smith

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

        /s/ Francis J. Landry
        Francis J. Landry